**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **INTERNET RESEARCH AGENCY, ET AL.,** | **Crim. No. 18-cr-32 (DLF)** |
| **Defendants** | |

## GOVERNMENT'S MOTION TO CONTINUE
## INITIAL APPEARANCE AND ARRAIGNMENT

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this motion to continue the initial appearance and arraignment of defendant Concord Management and Consulting LLC ("Concord") currently scheduled for May 9, 2018, until this Court has resolved whether Concord has been properly served with the summons in this case. As discussed below, the government additionally requests that the Court set a schedule for the parties to brief that question.

### STATEMENT

1. On February 16, 2018, the grand jury returned an eight-count indictment alleging that from 2014 to the present, the defendants—three Russian business entities and thirteen Russian individuals—conspired to defraud the United States by impairing, obstructing, and defeating the lawful functions of federal agencies that regulate foreign involvement in U.S. elections. Indict. ¶¶ 1-9, 29-85. The indictment also alleges that several individual defendants conspired to commit wire and bank fraud, Indict. ¶¶ 88-95, and committed aggravated identity theft, Indict. ¶¶ 96-97. The 37-page indictment alleges specific details about the defendants, Indict. ¶¶ 10-24, the federal agencies victimized by the conspiracy, Indict. ¶¶ 25-27, and the conspiracy's object, Indict. ¶ 28,

and contains 30 paragraphs describing its manner and means, Indict. ¶¶ 29-58, and 27 paragraphs listing overt acts, Indict. ¶¶ 59-85.

On the day the grand jury returned the indictment, the Court issued summonses for the defendants to appear on March 20, 2018.  The government has attempted service of the summonses by delivering copies of them to the Office of the Prosecutor General of Russia, to be delivered to the defendants.  That office, however, declined to accept the summonses.  The government has submitted service requests to the Russian government pursuant to a mutual legal assistance treaty. To the government's knowledge, no further steps have been taken within Russia to effectuate service.  On March 19, 2018, the day before the scheduled initial appearance and arraignment, the Court continued that proceeding to May 9, 2018.

2.  On April 11, 2018, counsel entered appearances on behalf of one of the defendants, Concord.  Docs. 2, 3.  Counsel did not acknowledge whether they had been authorized to receive service of the summons on behalf of Concord.  On the same day, however, counsel sent broad-ranging requests for information to the government.   Counsel sought a bill of particulars, demanding 51 categories of information, including details about online platforms the government has discovered, individuals believed to have been involved in charged and uncharged activity, and names of potential witnesses.  Attachment A.   Counsel also requested discovery, including of all statements, recordings, or electronic surveillance of Concord officers and employees, Attachment B, at 1-3, and, as "a predicate" to motions practice, information about more than 70 years of American foreign policy—"each and every instance" from "1945 to present" where the U.S. government "engaged in operations to interfere with elections and political processes in any foreign country," *id.* at 3.

On April 20, 2018, the government sent a copy of the summons and a letter to counsel asking, among other things, for confirmation that counsel is authorized to receive service of the summons on behalf of Concord and, if not, the basis on which they entered their appearances. Attachment C, at 1.  Counsel did not respond to that question.  But on April 30, counsel sent a copy of the summons back to the government and stated: "Since your communication to me of the attached summons does not comply with F.R.Cr.P. 4, I am returning it to you."  Attachment D.

## ARGUMENT

A criminal case against an organizational defendant ordinarily requires that the defendant has been properly served with a summons in order for the court to be assured that the defendant has submitted to the jurisdiction of this court and has obligated itself to proceed in accordance with the Federal Rules of Criminal Procedure and other applicable laws that govern this criminal proceeding.   Until the Court has an opportunity to determine if Concord was properly served, it would be inadvisable to conduct an initial appearance and arraignment at which important rights will be communicated and a plea entertained.   That is especially true in the context of this case, which involves a foreign corporate defendant, controlled by another, individual foreign defendant, that has already demanded production of sensitive intelligence gathering, national security, and foreign affairs information. *See* Attachments A & B.  The government accordingly requests that the Court continue these proceedings and set a briefing schedule to allow the Court to determine whether Concord has been properly served.

1. Federal Criminal Rule of Procedure 4 provides a variety of means of serving a summons on an organization that is "not within a judicial district of the United States."  Fed. R. Crim. P. 4(c)(3)(D); *see* Fed. R. Crim. P. 9(c)(1)(A) (applying Rule 4 to a summons issued based on an indictment).   One means is "by delivering a copy in a manner authorized by the foreign

jurisdiction's law."  Fed. R. Crim. P. 4(c)(3)(D).  But Rule 4 also authorizes service "by any other means that gives notice," "including" one that is: (a) stipulated by the parties; (b) undertaken by a foreign authority in response to a request; or (c) permitted by international agreement, Fed. R. Crim. P. 4(c)(3)(D)(ii).  This expansive category "provides a non-exhaustive list illustrating other permissible means of giving service on organizations outside the United States."  Fed. R. Crim. P. 4 advisory committee's notes (2016 amendments).  That provision was added to address "the realities of today's global economy, electronic communication, and federal criminal practice," and to ensure that the service requirement does "not shield a defendant organization when the Rule's core objective—notice of pending criminal proceedings—is accomplished."  *Id.*

The government believes that if the counsel who have entered appearances on behalf of Concord in fact represent Concord, Concord has now been served.  The government's provision of the summons to counsel of record should adequately provide notice to Concord and satisfy Rule 4's requirements.  Indeed, counsel's email purporting to return the summons to the government confirms awareness of the summons.  Defense counsel's April 30 email, however, which returned the summons and stated that the government's "communication [] of the attached summons does not comply with F.R.Cr.P. 4" (Attachment D), calls that into question, and given the particular context here of a foreign corporate defendant without U.S. presence, it is important to confirm service.

2.  Acceptance of service is ordinarily an indispensable precondition providing assurance that a defendant will submit to the jurisdiction of the court, obey its orders, and comply with any judgment. Here, proper service is disputed.  It would not be an efficient use of resources to conduct proceedings against Concord clouded by the question whether Concord has been properly served.

And as mentioned above, that is particularly true given the sensitive intelligence gathering, national security, and foreign affairs issues presented by defense counsel's initial requests.

To resolve this threshold issue, the government respectfully moves to have the Court establish a briefing schedule, so that the Court does not conduct proceedings without resolution of questions of proper service and the defendant's submission to the jurisdiction of this Court. The government requests that defense counsel file a brief by May 25 addressing whether the summons has been properly served, the government respond by June 15, and the Court hold a hearing at the Court's earliest convenience. The government therefore requests an adjournment of the presently scheduled initial appearance and arraignment until the Court makes its determination.

## CONCLUSION

For the foregoing reasons, the Court should continue the initial appearance and arraignment currently scheduled for May 9, 2018, and set a schedule for the parties to brief whether Concord has been properly served with the summons in this case.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: May 4, 2018

*/s/ Jeannie Rhee*
Jeannie S. Rhee
L. Rush Atkinson
Ryan K. Dickey
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

# **ATTACHMENT A**



**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

April 11, 2018

**Via Electronic Mail**

Jeannie Sclafani Rhee
United States Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC  20005

**Re:**   *United States v. Concord Management and Consulting, LLC, Case Number 1:18-cr-00032-DLF*

Dear Ms. Rhee:

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, we hereby request on behalf of our client Concord Management and Consulting LLC ("Concord") that the Government provide a Bill of Particulars in response to the requests set forth below (paragraph numbers refer to the paragraphs in the above-noted Indictment).

1.      With respect to the charged and captioned Defendant "Concord Catering," (a) the date of incorporation, (b) the location of incorporation, (c) the name(s) of the incorporators.

2.      With respect to ¶ 1, define: (a) "improper foreign influence," (b) "political activities."

3.      With respect to ¶ 2, define: (a) "interfere with elections and political processes," (b) "impairing, obstructing and defeating the lawful functions of the government," and (3) "interfering with the U.S. political and electoral processes."

4.      With respect to ¶ 2, identify by name all alleged conspirators known to the government.

5.      With respect to ¶ 3, define: "significant funds," and (b) "to further the Organization's operations."

6.      With respect to ¶ 3, identify by name the "other uncharged Organization employees."

7.      With respect to ¶ 4, identify by name the Defendants and co-conspirators who engaged in this alleged activity.

8.      With respect to ¶ 5, define: (a) "computer infrastructure," and (b) "collecting intelligence."

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

EME_ACTIVE-568996521.1



April 11, 2018
Page 2

     9.      With respect to ¶ 5, identify by name all Defendants and conspirators who "hid[ ] the Russian origin of their activities to avoid detection by U.S. regulators and law enforcement."

     10.     With respect to ¶ 6, define: (a) "strategic goal to sow discord in the U.S. political system," (b) "derogatory information," (c) "disparaging Hillary Clinton."

     11.     With respect to ¶ 6, identify all alleged political advertisements, political rallies, compensation to real U.S. persons, unwitting individuals associated with the Trump Campaign, and political activists.

     12.     With respect to ¶ 7, identify all Defendants and conspirators who were required to provide regulatory disclosure and/or register as foreign agents.

     13.     With respect to ¶ 9, define: "certain domestic activities."

     14.     With respect to ¶ 11, define: (a) "related Russian entities," (b) "primary source of funding," (c) "interference operations."

     15.     With respect to ¶ 11, specifically identify all: (a) funds provided, (b) personnel recommended, and (c) activities overseen.  Further identify the names of each individual acting for or on behalf of Defendant Concord who allegedly engaged in these alleged activities.

     16.     With respect to ¶ 11, identify all criminal statutes that prohibit "interference operations," as alleged.

     17.     With respect to ¶ 11a, identify all of the "multiple components" of the alleged "Project Lakhta," and identify every Defendant, conspirator or other person who engaged in the alleged activity on behalf of Concord.

     18.     With respect to ¶ 11b, identify every Defendant, conspirator or other person who engaged in the alleged activity on behalf of Concord; and identify specifically who was paid funds and/or bonuses.

     19.     With respect to ¶ 11c, provide bank names and account numbers for each of the listed entities.  Further, provide the place and date or incorporation and the names of the incorporators for each of the listed entities.

     20.     With respect to ¶ 12a, define: "approved and supported," and clarify whether it is alleged that Defendant Prigozhin engaged in such conduct on behalf of Defendant Concord.

     21.     With respect to ¶ 12b, identify the "real U.S. person," identify the specific Defendant or conspirator who communicated with the "real U.S. person," provide the dates and times of any such communications, identify the Defendant or conspirator who stated "is a leader here and our boss . . . our funder," and clarify whether it is alleged that any such communications were made on behalf of Defendant Concord.

April 11, 2018
Page 3

22.     With respect to ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, identify each any every communication between the named Defendants and either Defendant Concord, or any owner, officer, employee and/or agent thereof.

23.     With respect to ¶¶ 25, 26, 27, identify the statute and regulations that support the allegations.

24.     With respect to ¶ 25, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated the FECA statute or related regulations, and if so, how.

25.     With respect to ¶ 26, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated the FARA statute or related regulations, and if so, how.

26.     With respect to ¶ 27, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated any statute or related regulations related to the issuance of visas, and if so, how.

27.     With respect to ¶ 28, identify all statutes and regulations that prohibit "impairing, obstructing and defeating the lawful governmental functions of the United States . . . [by] interfer[ing] with U.S. political and electoral processes."

28.     With respect to ¶¶ 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58: specifically identify for each and every allegation the name of the owner, officer, employee or agent of Defendant Concord who engaged in and/or had contemporaneous knowledge of the alleged activity.

29.     With respect to ¶ 29, identify all "group(s)," and identify all persons who engaged in the alleged activity.

30.     With respect to ¶ 30d, identify the co-conspirator.

31.     With respect to ¶ 31, identify the "real U.S. person," and identify all persons who engaged in the alleged activity.

32.     With respect to ¶ 32, identify all "social media accounts," and identify all persons who engaged in the alleged activity.

33.     With respect to ¶ 33, identify the person(s) who provided the alleged instructions and directions.

34.     With respect to ¶ 34, identify all "thematic group pages," and identify all persons who engaged in the alleged activity.

35.     With respect to ¶ 35, identify all alleged expenditures, including but not limited to the dates and amounts, and identify all persons who engaged in the alleged activity.

April 11, 2018
Page 4

36.     With respect to ¶ 36, identify all alleged Twitter accounts, and identify all persons who engaged in the alleged activity.

37.     With respect to ¶ 37, identify all persons who engaged in the alleged activity.

38.     With respect to ¶ 38, identify all persons who provided the alleged "feedback and directions."

39.     With respect to ¶ 39, identify all alleged "VPNs," and identify all persons who engaged in the alleged activity.

40.     With respect to ¶ 40, identify all alleged "web-based email accounts," and identify all persons who engaged in the alleged activity.

41.     With respect to ¶ 41, identify all alleged PayPal accounts, and identify all persons who engaged in the alleged activity.

42.     With respect to ¶ 42, define, "began to monitor," and identify all persons who engaged in the alleged activity.

43.     With respect to ¶¶ 43, 43a, 43b, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, provide all instances of the alleged activity and identify all persons who engaged in the alleged activity.

44.     With respect to ¶ 54c, identify the volunteer for the Trump campaign.

45.     With respect to ¶¶ 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85: specifically identify for each and every allegation the name of the owner, officer, employee or agent of Defendant Concord who engaged in and/or had contemporaneous knowledge of the alleged activity.

46.     With respect to ¶¶ 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85: identify all persons who engaged in the alleged activity.

47.     With respect to ¶ 59, identify the statute that prohibits the "illegal object."

48.     With respect to ¶ 70, identify "T.W."

49.     With respect to ¶¶ 53, 65, 72, 73, 74, 77, 80, 81, 82, 84: identify the "real U.S. person(s)".

50.     With respect to ¶¶ 76, 78, 79, identify the "Campaign Official 1," "Campaign Official 2," and "Campaign Official 3."

51.     With respect to ¶ 85, identify the offense that Defendants allegedly conspired to violate.

ReedSmith

April 11, 2018
Page 5

        In light of the requirement in Federal Rule of Criminal Procedure 7(f) that a motion for a bill of
particulars must be filed before or within 14 days after arraignment, we kindly request a response by
April 18, 2018.

Very truly yours,

Eric A. Dubelier

# ATTACHMENT B



**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

April 11, 2018

**Via Electronic Mail**

Jeannie Sclafani Rhee
United States Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC  20005

**Re:**    *United States v. Concord Management and Consulting LLC, Case Number 1:18-cr-00032-DLF*

Dear Ms. Rhee:

This letter constitutes the initial discovery request on behalf of our client Concord Management and Consulting LLC ("Concord").  We intend to supplement this letter as necessary.

In accordance with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, Local Criminal Rules, applicable federal statutes, cases and constitutional requirements, we ask the government to furnish or permit discovery, inspection and the right to copy the following materials in the possession, custody or control of the government, and/or the existence of which is known or by the exercise of due diligence may become known to the government.

**A.     Rule 16 Requests**

1.     All written or recorded statements, or copies thereof, made by any owner, officer, agent or employee of Concord.  This request calls for discovery of written or recorded statements as well as recordings of conversations by any means, including stenographically, mechanically, or by an electronic recording device, whether made before or after the indictment, and whether in response to interrogation or not.  The term "statements" encompasses statements in whatever form preserved, including agents' rough notes.

2.     That portion of all written records containing the substance of any oral statement or utterance made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known to be a government agent - without regard to whether the prosecution intends to use the statement at trial.

3.     Any recorded testimony of any owner, officer, agent or employee of Concord that relates to the offenses charged, whether at a deposition before a governmental agency, entity or instrumentality,

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

EME_ACTIVE-568985716.1



April 11, 2018
Page 2


4.      The substance of any other relevant oral statement made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known by any owner, officer, agent or employee of Concord to be a state or federal government agent if the government intends to use that statement at trial.  This requested disclosure covers oral statements as to which there is no written record so long as the prosecution intends to make some use of the statement at trial, even if only for impeachment purposes.

5.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense.

6.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies of portions thereof which are within the possession, custody or control of the government, and which are intended for use by the government as evidence in chief at trial.

7.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which were obtained from or belonged to Concord, or any owner, officer, agent or employee thereof.

8.      Any books, papers, documents, photographs, tangible objects, buildings, or places or copies thereof, which are within the possession, custody or control of the government, that (a) are referred to in the indictment; (b) relate to any statement of fact in the indictment; (c) relate to any element of the offenses set forth in the indictment; (d) constitute the fruits of or means of perpetrating any of the offenses set forth in the indictment; (e) relate to the involvement of uncharged participants in the alleged conspiracy.

9.      All results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are: (a) material to the preparation of the defense; (b) intended for use by the government as evidence in chief at trial; or (c) which were prepared by a witness whom the government intends to call at the trial when the results or reports relate to that witness's testimony.

10.     A written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts, or if reports have not been made, a written summary of the opinion and subject matter of the opinion to which each is to testify, and the bases and reasons therefor.

11.     Please provide reasonable notice in advance of trial of the general nature of any evidence of "other crimes, wrongs, or acts" the prosecution intends to use at trial, under Rule 404(b).



April 11, 2018
Page 3

**B.**     <u>**Rule 12 Requests**</u>

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, the government is requested to turn over to defense counsel and to disclose:

1.     From 1945 to present, each and every instance where any officer, employee and/or agent of the United States Government engaged in operations to interfere with elections and political processes in any foreign country; including but not limited to information relating to whether any such activity utilized propaganda in any format, including but not limited to the use of social media.  This disclosure should include any and all information regarding the use of  computer infrastructure inside and outside of the United States, false foreign identities, goals to sow discord in a foreign political system, assistance to a foreign elected official or candidate, attacks on a foreign elected official or candidate, assassination or conspiracy to assassinate a foreign elected official or candidate, buying political advertisements, posing as foreign persons and/or failure to honestly identify to foreign voters the involvement of any officer, employee or agent of the United States Government.

2.     From 1945 to present, each and every instance where any United States or foreign person has been charged by the government with violating 18 U.S.C. 371, for allegedly impairing, obstructing and defeating lawful governmental functions of the United States by dishonest means in order to interfere with the United States' political and electoral processes.

3.     Any documents reflecting or relating to any wire communications or oral communications intercepted by state or federal law enforcement authorities, to which any owner, officer, agent or employee of Concord was a party, or during which any such owner, officer, employee or agent was present.

4.     Whether any evidence or information in the government's possession, custody, or control was obtained by search and seizure, electronic surveillance, a beeper or other tracking device, a pen register or a mail cover from the defendant or its premises, together with a description of such evidence, all applications and affidavits submitted in support thereof, all court orders in connection therewith, and all inventory orders, inventories and reports of service thereof.

**C.**     <u>**Jencks Material**</u>

For the purpose of meeting the government's obligation to produce certain "statements" under 18 U.S.C. § 3500 (Jencks Act), Federal Rule of Criminal Procedure 26.2, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), we request that any and all handwritten or informal notes of witness interviews be preserved. In order to move this case as expeditiously as possible, it is requested that required "statements" be provided as far in advance of trial as possible.



April 11, 2018
Page 4


### D.   **Brady Requests**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), defendants request disclosure of all exculpatory or impeaching material in the government's possession, custody, or control or otherwise known to the government, including, without limitation:

1.      The identity of any informant who was a participant in any transaction related to the subject of the indictment, and any and all records or other information related to applications by, promises made to, and payment or other things of value provided to any such informant/cooperating source, including any such records or information contained in the files of any law enforcement agency, or other federal agency.

2.      Any and all records and information revealing prior criminal convictions of each witness the government intends to call at trial.

3.      Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial.

4.      Any and all considerations or promises of consideration given or suggested during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police, or informers, to or on behalf of any witness the government intends to call at trial, or any such consideration or promises solicited, expected or hoped for by any such witness at any future time.  Such "considerations" refer to anything which arguably could be of value or use to a witness, including but not limited to all promises, understandings or agreements - formal or informal - for leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness's cooperation; recommendations concerning federal aid or benefits; recommendations concerning licensing, certification or registration; recommendations concerning ingress to and egress from the United States; promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness; aid or efforts on behalf of the witness's family; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against any defendant or act as an inducement to testify or to color his testimony.

5.      Any written or oral statements, whether or not reduced to writing, made by any person which in any way reasonably or conceivably contradicts or is inconsistent with or different from the testimony or expected testimony of such person or any other person the government intends to call as a



April 11, 2018
Page 5

witness at trial, or which otherwise reflect upon the credibility, competency, bias or motive of any prosecution witness.

We are available to confer with you with a view to completing the discovery aspect of this case in an efficient and expeditious manner.

Very truly yours,

Eric A. Dubelier

# ATTACHMENT C



**U.S. Department of Justice**

*The Special Counsel's Office*

*Washington, D.C. 20530*

April 20, 2018

Eric A. Dubelier
Kate J. Seikaly
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, VA 22102

Dear Counsel:

On April 11, 2018, you each filed a notice of appearance in the criminal case *United States v. Internet Research Agency LLC et al.*, case number 1:18-cr-032 (D.D.C.), as counsel of record for defendant Concord Management and Consulting LLC ("Concord"). We are writing you to address certain issues in advance of the initial appearance and arraignment scheduled for May 9, 2018 at 1:45 pm.

A copy of the criminal summons for defendant Concord, signed by Magistrate Judge G. Michael Harvey, is attached to this letter. We understand, through your appearance, that defendant Concord is on notice of the indictment and that you have been authorized to receive service of the summons on behalf of defendant Concord. If you intend to take a contrary position, please provide the legal basis on which you rely to enter your appearance.

To proceed expeditiously both at, and after, the initial appearance and arraignment on May 9, 2018, we ask that you provide the following:

a) the name and position of the corporate representative for defendant Concord who will appear at the May 9, 2018 arraignment and initial appearance;

b) corporate records to reflect that the individual identified in subpart a) is authorized to represent defendant Concord and to bind defendant Concord in these proceedings;

1

     c)  the names of the officers, executives, directors, and/or committees of defendant Concord that authorized you and the individual identified in subpart a) to represent defendant Concord in these proceedings; and

     d)  the entity and account providing payment of legal fees.

Finally, please confirm your acknowledgment that defendant Concord's acceptance of the summons and designation of the corporate representative places Concord within the jurisdiction of the United States District Court and obligates defendant Concord to proceed in accordance with the Federal Rules of Criminal Procedure and other applicable laws that govern this criminal proceeding. These include the opportunity to exercise the rights of a criminal defendant, but also the reciprocal requirement to comply with Court orders, trial subpoenas and a defendant's discovery obligations, as well as the requirement to comply with any judgment entered by the Court.

We appreciate your response to these issues in advance of the May 9, 2018 initial appearance and arraignment.

Sincerely,

_____/s/_____
Jeannie S. Rhee
L. Rush Atkinson
Ryan K. Dickey
Special Counsel's Office

2

AO 83 (Rev. 06/09) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | |
| Concord Management and Consulting LLC | ) | Case No.   1:18-cr-032 |
| House 13,Litera A. Bldg.2-N No.4 | ) | |
| Fontanka River Embankment. | ) | |
| *Defendant* | ) | |
| St. Petersburg, *Russia 191011* | ) | |

## SUMMONS IN A CRIMINAL CASE

**YOU ARE SUMMONED** to appear before the United States district court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of Court

| Place: | U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA<br>U.S. Courthouse<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Courtroom No.: 7 |
|---|---|---|
| | | Date and Time: 3/20/18   1:45 pm |

This offense is briefly described as follows:
18 U.S.C. 371 (Conspiracy to Defraud the United States)

Date:      02/16/2018

*Issuing officer's signature*

U.S. Magistrate Judge G. Michael Harvey
*Printed name and title*

I declare under penalty of perjury that I have:

☐ Executed and returned this summons            ☐ Returned this summons unexecuted

Date:

*Server's signature*

*Printed name and title*

Case No.   1:18-cr-032

**This second page contains personal identifiers and therefore should
not be filed in court with the summons unless under seal.**
*(Not for Public Disclosure)*

### INFORMATION FOR SERVICE

Name of defendant/offender:    Concord Management and Consulting LLC

Last known residence:   *Lt. SCHMIDT EMBANKMENT, 7 Van Keyserling
MANSION, St. Petersburg Russia, 199034*

Usual place of abode *(if different from residence address):* _____

If the defendant is an organization, name(s) and address(es) of officer(s) or agent(s) legally authorized to receive service of process: _____

If the defendant is an organization, last known address within the district or principal place of business elsewhere in the United States: _____

### PROOF OF SERVICE

This summons was received by me on *(date)* _____

❏ I personally served the summons on this defendant _____ at

*(place)* _____ on *(date)* _____ ; or

❏ On *(date)* _____ I left the summons at the individual's residence or usual place of abode

with *(name)* _____ , a person of suitable age and discretion who resides

there, and I mailed a copy to the individual's last known address; or

❏ I delivered a copy of the summons to *(name of individual)* _____ ,

who is authorized to receive service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ and I mailed a copy to

the organizations's last known address within the district or to its principal place of business elsewhere in the United States; or

❏ The summons was returned unexecuted because: _____

_____

I declare under penalty of perjury that this information is true.

Date returned: _____

_____
*Server's signature*

_____
*Printed name and title*

Remarks:

# ATTACHMENT D

| | |
|---|---|
| **From:** | Dubelier, Eric A. <EDubelier@ReedSmith.com> |
| **Sent:** | Monday, April 30, 2018 10:48 AM |
| **To:** | JSR |
| **Cc:** | LRA; RKD; Seikaly, Kate J |
| **Subject:** | 2018-02-16 Concord Management Summons_signed.pdf |
| **Attachments:** | 2018-02-16 Concord Management Summons_signed.pdf |

Jeannie:

Since your communication to me of the attached summons does not comply with F.R.Cr.P. 4, I am returning it to you.  Eric

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

AO 83 (Rev. 06/09) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | |
| Concord Management and Consulting LLC | ) | Case No.   1:18-cr-032 |
| House 13,Litera A. Bldg.2-N No.4 | ) | |
| Fontanka River Embankment. | ) | |
| St. Petersburg, *Russia 191011* | ) | |
| *Defendant* | | |

## SUMMONS IN A CRIMINAL CASE

**YOU ARE SUMMONED** to appear before the United States district court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint

☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of Court

| Place: | U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA U.S. Courthouse 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Courtroom No.: 7 |
|---|---|---|
| | | Date and Time: 3/20/18  1:45 pm |

This offense is briefly described as follows:

18 U.S.C. 371 (Conspiracy to Defraud the United States)

Date:     02/16/2018

_Issuing Officer's signature_

U.S. Magistrate Judge G. Michael Harvey

_Printed name and title_

---

I declare under penalty of perjury that I have:

☐ Executed and returned this summons         ☐ Returned this summons unexecuted

Date:

_Server's signature_

_Printed name and title_

Case No.  1:18-cr-032

**This second page contains personal identifiers and therefore should
not be filed in court with the summons unless under seal.**
*(Not for Public Disclosure)*

### INFORMATION FOR SERVICE

Name of defendant/offender:    Concord Management and Consulting LLC

Last known residence: *Lt. Schmidt Embankment, 7 Van Keyserling Mansion, St. Petersburg Russia, 199034*

Usual place of abode *(if different from residence address):* _____

If the defendant is an organization, name(s) and address(es) of officer(s) or agent(s) legally authorized to receive service of process: _____

If the defendant is an organization, last known address within the district or principal place of business elsewhere in the United States: _____

### PROOF OF SERVICE

This summons was received by me on *(date)* _____ .

❏ I personally served the summons on this defendant _____ at

*(place)* _____ on *(date)* _____ ; or

❏ On *(date)* _____ I left the summons at the individual's residence or usual place of abode
with *(name)* _____ , a person of suitable age and discretion who resides
there, and I mailed a copy to the individual's last known address; or

❏ I delivered a copy of the summons to *(name of individual)* _____ ,
who is authorized to receive service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ and I mailed a copy to
the organizations's last known address within the district or to its principal place of business elsewhere in the
United States; or

❏ The summons was returned unexecuted because: _____
_____ .

I declare under penalty of perjury that this information is true.


Date returned: _____

_____
*Server's signature*

_____
*Printed name and title*

Remarks:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **INTERNET RESEARCH AGENCY, ET AL.,** | **Crim. No. 18-cr-32 (DLF)** |
| **Defendants** | |

## <u>ORDER</u>

Upon consideration of the government's motion to continue initial appearance and arraignment, it is hereby

**ORDERED** that the motion is granted; it is

**FURTHER ORDERED** that the initial appearance and arraignment is continued pending further notice of the Court; and it is

**IT IS FURTHER ORDERED** that counsel appearing on behalf of defendant Concord Management and Consulting LLC shall file a brief by not later than May 25, 2018 addressing whether the summons has been properly served on Concord, and the government shall file a response by not later than June 15, 2018.

_____
Date

_____
HON. DABNEY L. FRIEDRICH
UNITED STATES DISTRICT JUDGE