```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


   United States of America,       ) Criminal Action
                                   ) No. 18-CR-032
              Plaintiff,           )
                                   ) INITIAL APPEARANCE
   vs.                             ) AND ARRAIGNMENT
                                   )
   Internet Research Agency,       ) Washington, DC
   LLC, Concord Management and     ) May 9, 2018
   Consulting, LLC,                ) Time:  1:45 p.m.
                                   )
              Defendants.          )
   _____

           TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT
                             HELD BEFORE
                  THE HONORABLE G. MICHAEL HARVEY
                  UNITED STATES MAGISTRATE JUDGE
   _____

                         A P P E A R A N C E S

   For the Plaintiff:         Jeannie Sclafani Rhee
                              Lawrence Rush Atkinson
                              Ryan Kao Dickey
                              U.S. DEPARTMENT OF JUSTICE
                              Special Counsel's Office
                              950 Pennsylvania Ave. NW
                              Washington, DC 20530
                              (202) 616-0800
                              Email: Jsr@usdoj.gov
                              Email: Lra@usdoj.gov
                              Email: Rkd@usdoj.gov

   For the Defendant
     Concord Management
     and Consulting:          Eric A. Dubelier
                              Katherine Joanne Seikaly
                              REED SMITH LLP
                              1301 K Street, NW
                              Suite 1000 - East Tower
                              Washington, DC 20005
                              (202) 414-9291
                              Email: Edubelier@reedsmith.com
                              Email: Kseikaly@reedsmith.com
```

```
 1    Court Reporter:          Janice E. Dickman, RMR, CRR
                               Official Court Reporter
 2                             United States Courthouse, Room 6523
                               333 Constitution Avenue, NW
 3                             Washington, DC  20001
                               202-354-3267
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE COURTROOM DEPUTY: All right. This is criminal
2  case year 2018-032, United States of America versus Concord
3  Management and Consulting, LLC. This is an initial appearance
4  and arraignment.
5           Will the parties please introduce yourselves to the
6  Court, beginning with the government.
7           MS. RHEE: Good afternoon, Your Honor. Jeannie Rhee,
8  Rush Atkinson, and Ryan Dickey on behalf of the United States.
9           THE COURT: Good afternoon.
10          MR. DUBELIER: Good afternoon, Your Honor. Eric
11 Dubelier and Katherine Seikaly on behalf of the defendant.
12          THE COURT: Good afternoon.
13          So, the purpose of this proceeding is to conduct an
14 initial appearance and arraignment with respect to, I see, one
15 of the defendants in the case, Concord Management and
16 Consulting, LLC. And after that I'm going to have the
17 government address issues with regard to the other outstanding
18 summons in the case and how they would like to proceed with
19 respect to those other summons.
20          Mr. Dubelier --
21          MR. DUBELIER: Dubelier, sir.
22          THE COURT: -- why don't you come to the podium. I
23 just have a few questions for you.
24          MR. DUBELIER: Sure.
25          THE COURT: As I understand it, looking through the

1   papers filed by both parties, you and your firm represent
2   Concord Management and Consulting, LLC, is that correct?
3           MR. DUBELIER:  Correct.
4           THE COURT:  You do not represent any other defendant
5   in the case?
6           MR. DUBELIER:  We do not.
7           THE COURT:  Not any other individual defendant in the
8   case?
9           THE DEFENDANT:  We do not.
10          THE COURT:  What about Concord Catering?  The
11  government makes an allegation that there's some association.
12  I don't mean for you to -- do you represent them, or not,
13  today?  And are we arraigning them as well?
14          MR. DUBELIER:  We're not.  And the reason for that,
15  Your Honor, is I think we're dealing with a situation of the
16  government having indicted the proverbial ham sandwich.  That
17  company didn't exist as a legal entity during the time period
18  alleged by the government.  If at some later time they show me
19  that it did exist, we would probably represent them.  But for
20  purposes of today, no, we do not.
21          THE COURT:  Okay.  And just so I'm clear as I read
22  your submission, it's your belief that Concord Management and
23  Consulting, LLC, has not been properly served under Rule 4, is
24  that correct?
25          MR. DUBELIER:  That's correct.

```
 1                THE COURT:  But, nevertheless, your client has
 2    authorized you to enter a voluntary appearance in this matter
 3    and to subject it to the jurisdiction of this Court, is that
 4    correct?
 5                MR. DUBELIER:  That's correct.
 6                THE COURT:  Okay.  And does your client also
 7    understand that by doing so, it must also comply with the
 8    Federal Rules of Criminal Procedure, the rules of this Court,
 9    and with the orders of this Court?
10                MR. DUBELIER:  Of course, Your Honor.
11                THE COURT:  Okay.  We're here today for initial
12    appearance and arraignment.  And just to be clear, there's no
13    other corporate representative of your client in the courtroom,
14    is that correct?
15                MR. DUBELIER:  There is not, Your Honor.
16                THE COURT:  Okay.  But for purposes of this
17    proceeding, your client has authorized you to appear here today
18    and to make representations on its behalf, is that correct?
19                MR. DUBELIER:  They have, Your Honor.
20                THE COURT:  That is my understanding under Rule
21    43(b)(1), that for an organizational defendant they are
22    permitted to do so.  They do not have to appear here in person,
23    whatever that means, but can do so through counsel.  And that's
24    what you've been authorized to do, is that correct?
25                MR. DUBELIER:  That's correct, Your Honor.
```

```
1              THE COURT:  And your client has also authorized you
2    to enter a plea here today to the indictment, is that correct?
3              MR. DUBELIER:  Yes, they have, Your Honor.
4              THE COURT:  Has your client received a copy of the
5    indictment in this case?
6              MR. DUBELIER:  It's publicly available, Your Honor;
7    they have it.
8              THE COURT:  Does your client understand that it's
9    charged, in Count One of the indictment, with conspiracy to
10   defraud the United States, in violation of 18 U.S.C. 371.
11             MR. DUBELIER:  We understand that's what it says.
12             THE COURT:  Okay.  Understood.  Again, initial
13   appearance, this is what we go through.
14             MR. DUBELIER:  I understand.
15             THE COURT:  Make sure the defendant knows what
16   they're charged with and the consequences if they're found
17   guilty of that crime, and then I make sure they understand what
18   their rights are.  So I'm going to do that through you.
19             MR. DUBELIER:  Understood, Your Honor.  Happy to
20   help.
21             THE COURT:  Does your client also understand that if
22   it's found guilty of that charge, that's Count One of the
23   indictment, that it could be find up to $500,000 or,
24   alternatively, if there's -- if someone derived any pecuniary
25   gain from the offense, or if the offense resulted in the loss
```

1    to any person, other than the defendants, that their client may
2    be fined not more than the greater of twice the gross gain or
3    twice the gross loss arising from the criminal conduct?
4             MR. DUBELIER:  Yes, they do, Your Honor.
5             THE COURT:  Okay.  Is your client also aware that it
6    has the right to remain silent in this case, and that anything
7    it says can be used against it?
8             MR. DUBELIER:  Yes, it would.
9             THE COURT:  Is your client also aware that it has the
10   right to counsel?  If at some point it's unable to afford its
11   own counsel, the Court would appoint counsel to represent it
12   free of charge, if it's eligible.  Does it understand it has
13   that right in this courthouse?
14            THE DEFENDANT:  Yes, they do, Your Honor.
15            THE COURT:  All right.  Before we do the
16   arraignment -- you can have a seat -- I just want to make sure,
17   does the government have any other preliminarily issues or any
18   questions, any other representations it thinks I need to ask?
19   I'm happy to entertainment them at this time, and then we'll do
20   the arraignment.
21            MS. RHEE:  Thank you, Your Honor.  Just for
22   clarification, it was the government's understanding, pursuant
23   to a submission by Reed, Smith to the Office of Foreign Asset
24   Control, that the engagement in this case was with respect to
25   both Concord Management and Consulting, LLC, and Concord

1      Catering, and that the engagement with respect to
2      representation in this matter was for both of those corporate
3      entities.
4              We hear Mr. Dubelier's position, that he is entering
5      a notice of appearance only with respect to one of the
6      organizational defendants.  But that is the basis for the
7      government's understanding that the scope of representation, at
8      least as we understood it at the time of the submission to
9      OFAC, which was April 11th, 2018, was that the engagement and
10     the scope of representation was as to both organizational
11     defendants.
12             THE COURT:  Okay.  What would you like me to do with
13     that here today?  He's indicated he's not authorized to
14     represent them in this case or in this proceeding here today.
15     I assume he's not authorized to enter a plea on their behalf.
16             MS. RHEE:  In which case then we will proceed in the
17     usual course, with pursuit of the service of the summons
18     through official governmental channels.
19             THE COURT:  Okay.  That's fine.
20             Anything further from the government?
21             MS. RHEE:  No, not at this time, Your Honor.
22             THE COURT:  All right.  You can come forward again.
23             So just to be clear, you are authorized here today to
24     enter a plea on behalf of Concord Management and Consulting,
25     LLC, not Concord Catering, is that correct?

1   MR. DUBELIER:  That's correct.  And, Your Honor, I
2   think, as you've noted, for purposes of the record, there is a
3   difference between representation and being authorized to
4   appear in court on behalf of a client.  We now know that the
5   special counsel apparently has access to our confidential
6   filings at the Office of Foreign Assets Control, which in and
7   of itself is a disturbing fact.  But, you know, that goes along
8   with the interrogatories they filed on us, wanting to know what
9   our bank account number was, as well.
10         So I think Your Honor understands the distinction.  I
11  want to be clear on the record, there's an issue of
12  representation, there's an issue of what I'm authorized to do
13  today.  I'm authorized to appear today on behalf of the one
14  defendant, enter a plea of not guilty.  And I'm prepared to do
15  that.
16         THE COURT:  Okay.  Well, let's go forward and do that
17  then.  Counsel, your client -- and your client, let's be clear,
18  Concord Management and Consulting, LLC, having had an
19  opportunity to review the indictment in this case and having
20  been informed of the charge it faces and the penalty if it's
21  found guilty of that charge, does it waive formal reading of
22  the indictment?  And how does it plead, guilty or not guilty?
23         MR. DUBELIER:  Your Honor, we waive formal reading of
24  the indictment.  We enter a plea of not guilty.  We exercise
25  our right to a speedy trial.

```
 1              THE COURT:  Okay.  I will enter a plea of not guilty
 2    on behalf of Concord Management and Consulting, LLC, in the
 3    record of this case.
 4              You can have a seat.
 5              MR. DUBELIER:  Thank you, Your Honor.
 6              THE COURT:  So, Government, there are other summons
 7    that have been issued and those defendants are not in the
 8    courtroom here today.  So what, if anything, would you like the
 9    Court to do at this time with regard to those summons?
10              MS. RHEE:  We would --
11              THE COURT:  I'm specifically referring to Concord
12    Catering and the lead defendant in the case.
13              MS. RHEE:  The Internet Research Agency, Your Honor.
14              THE COURT:  Thank you.  Internet Research Agency.
15    They're not here.  I don't believe they're here.
16              MS. RHEE:  Alas, they are not here.
17              THE COURT:  They are not here, yes.
18              MS. RHEE:  The government would be thrilled if they
19    were here.  What we would ask for is an additional control date
20    as we pursue, through other channels, service of those summons,
21    Your Honor.
22              THE COURT:  Okay.  What do you want to propose in
23    terms of the control date?
24              MS. RHEE:  We could do another 60 days out.
25              THE COURT:  Okay.  Well, let's do that.  Let's set
```

1    another control date for purposes of further update from the
2    government on whether or not it has affected service with
3    regard to those other two defendants.  Will you need a new
4    summons?
5              MS. RHEE:  In all likelihood we will.  And we will
6    contact chambers just for the update on the date of the
7    summons.
8              THE COURT:  Right.  Okay.  Well, let's go ahead and
9    set a control date then, 60 days out, whatever that would be.
10             Also, the status date, the district judge in this
11   case has offered the following dates for the initial status
12   hearing, so the parties need to pick one:  It's May 11th, which
13   I think is this Friday, at 10 a.m.  She also has available May
14   15th at 10 a.m. or 2 p.m., May 16th at 2 p.m.  So, what's the
15   parties' preference, if any?
16             MS. RHEE:  Why don't we pick the 2 p.m. date on May
17   16th, if that is okay with defense counsel?
18             MR. DUBELIER:  Perfect.
19             THE COURT:  Okay.  So, we'll set it.  And the next
20   date in this case is May 16th, at 2 p.m., before Judge
21   Friedrich.
22             Sixty days out?
23             THE COURTROOM DEPUTY:  I'm looking at July 9th.
24             THE COURT:  July 9th, 1:45.  Does that work for
25   everyone?

```
1                 MS. RHEE:  Yes, Your Honor.
2                 THE COURT:  Counsel, July 9th at 1:45 for the control
3    date?
4                 MR. DUBELIER:  I don't think we really care, Your
5    Honor.
6                 THE COURT:  Okay.
7                 MR. DUBELIER:  Thank you.
8                 THE COURT:  Okay.  Good enough.
9                 All right.  So we'll set that July 9th at 1:45.  I
10   think that will be before Magistrate Judge -- who's July?
11                THE COURTROOM DEPUTY:  Meriweather, Judge
12   Meriweather.
13                THE COURT:  Meriweather.  Okay, 1:45.
14                Any further requests from the government?
15                MS. RHEE:  Not at this time, Your Honor.
16                THE COURT:  Defense?
17                MR. DUBELIER:  Nothing.  Thank you, Your Honor.
18                THE COURT:  Okay.  Good luck to everyone.  Parties
19   are excused.
20                               *  *  *
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 9th day of May, 2018.

/s/_____

Janice E. Dickman, CRR, RMR
Official Court Reporter
Room 6523
333 Constitution Avenue NW
Washington, D.C. 20001