**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 18-CR-32-2** |
| **CONCORD MANAGEMENT AND CONSULTING LLC,** | |
| **Defendant.** | |

## GOVERNMENT'S SUPPLEMENTAL NOTICE
## REGARDING PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, respectfully files this supplemental notice in response to questions raised by the Court and the defense about the term "specific intent."  In proposing jury instructions, the government argued that the Court should eschew the term "specific intent," because that term is ambiguous even to lawyers and particularly risks confusing a jury. Doc. 281, at 14-15; Doc. 292, at 18; 2/11/20 Tr. 16-17, 42-43.  At the February 11, 2020 hearing, defense counsel disputed the contention "that the word 'specific' in a specific intent crime case is unhelpful," and "challenge[d] the government and the Court to come up with a case that says that ever." 2/11/20 Tr. 45.  The Court stated that it would "take a careful look at that," *id.*, and took the matter under advisement, *id.* at 53.

At the defense's invitation, the government has located a vast body of cases explaining that the term "specific intent" is ambiguous and particularly ill advised in jury instructions.  Because the Court stated that it is looking into the same matter, the government respectfully calls some of these cases to the Court's attention.  As one leading treatise observes, "[t]he use of such terminology in jury instructions has 'received richly deserved criticism.'"  Wayne R. LaFave, Substantive Criminal Law § 5.2(e) n.83 (3d. ed. Oct. 2019 update) (quoting *United States v.*

*Golitschek*, 808 F.2d 195, 201 n.2 (2d Cir. 1986)); *see also, e.g.,* Eric. A. Johnson, *Understanding General and Specific Intent: Eight Things I Know For Sure*, 13 Ohio St. J. Crim. L. 521, 521 (2016) ("Judges and scholars alike have long criticized the terminology 'general intent' and 'specific intent' as confusing and perhaps incoherent.") (collecting authorities) (footnotes omitted).  The Supreme Court, for example, has described the term "specific intent" as one of "a variety of overlapping and, frankly, confusing phrases to describe culpable mental states." *Voisine v. United States*, 136 S. Ct. 2272, 2281 (2016); *see Liparota v. United States*, 471 U.S. 419, 433 n.16 (1985) (noting a "specific intent" instruction that described willfulness and explaining that "[a] more useful instruction might . . . eschew use of difficult legal concepts like 'specific intent'"); *United States v. Bailey*, 444 U.S. 394, 403 (1980) (observing that the common law distinction between "general intent" and "specific intent" has "been the source of a great deal of confusion" and describing various meanings imparted on those terms).

Courts in this jurisdiction have similarly noted the widespread view that "the term 'specific intent' [is] particularly susceptible to a wide variety of meanings." *United States v. Ali*, 870 F. Supp. 2d 10, 19 n.12 (D.D.C. 2012) (internal quotation marks omitted).  Thus, in *United States v. Edwards*, No. 11-cr-1, 2012 U.S. Dist. LEXIS 191648 (D.D.C. Nov. 12, 2012), the court rejected a defendant's request "that the standard instructions be revised to note that that a conspiracy exists only when a defendant 'voluntarily, knowingly and intentionally joins in it with the *specific intent* to advance or further the unlawful object on the conspiracy." *Id.* at *12 (court's emphasis).  The court observed that "[t]o avoid confusion, the Redbook Instructions have abandoned the practice of using the terms 'general intent' and 'specific intent.'" *Id.*  (citing D.C. Model Jury Instructions § 3.100).  "[T]here is no reason to inject potential confusion into the instruction," the court explained, "by using the term 'specific intent.'" *Id.*

2

A number of other courts have similarly recognized the potential for confusion caused by the term "specific intent." The government would be happy to provide further citations at the Court's request.

Respectfully submitted,

JOHN C. DEMERS
Assistant Attorney General for National Security
By: */s/ Heather Alpino*
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000

TIMOTHY J. SHEA
D.C. Bar No. 437437
United States Attorney
By: */s/ Adam Jed*
Luke Jones
Peter Lallas
Adam C. Jed
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-7066